UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STEVEN ARMSTRONG, ) | |
| ) | |
| Petitioner, ) | |
| ) | Cause No. 2:04-CV-502 PS |
| v. ) | |
| ) | |
| CECIL DAVIS, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

On December 6, 2004, *pro se* petitioner, Steven Armstrong, an inmate at the Indiana State Prison in Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on March 9, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a traverse. Because Armstrong's petition is untimely pursuant to 28 U.S.C. §2244(d)(1), the petition is hereby denied.

On April 15, 1996, the Indiana Court of Appeals affirmed Armstrong's conviction in his direct appeal. Because Armstrong didn't seek transfer to the Indiana Supreme Court, that conviction became final on July 14, 1996. Three years later, on July 15, 1999, Armstrong filed a petition for post conviction relief. The post conviction proceedings concluded on January 14, 2004, when the Indiana Supreme Court denied transfer.

Armstrong's petition is governed by 28 U.S.C. §2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which sets a high hurdle for habeas relief. Section 2244(d)(1) imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief. *See* 28 U.S.C. §2244(d)(1). The one-year statute of limitations begins to run from the latest of

several events. As relevant here, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A).

For purposes of calculating the limitation period, the Court must determine when Armstrong's direct criminal appeal was, or would have been, concluded. Armstrong's judgment of conviction became final on July 14, 1996, when the time to seek certiorari expired. *See Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987). He had until July 15, 1997, to file his petition for writ of habeas corpus, or a state petition for post conviction relief which would toll the statute of limitations. Armstrong did not file his post conviction petition until July 15, 1999. By the time he filed his post conviction petition, he had missed the statute of limitations by two years. Accordingly, Armstrong's petition for writ of habeas corpus is untimely and his claims are time-barred.

Armstrong, in his traverse, argues that his petition is timely. He says he didn't receive notice of the denial of his direct appeal until May 30, 1996, therefore he should get credit for 45 additional days. He argues that his conviction was becoming final at the same time AEDPA was being enacted. He says, "He was in no posture to even be aware of or contemplate AEDPA before 1999." ([Doc. 10] at. 11-12.) But, Armstrong's argument is without merit because his conviction became final *on* July 14, 1996, *after* AEDPA's effective date, April 24, 1996, and therefore the one-year limitation is applicable.

Section 2244(d)(2) says that "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Armstrong does not argue that he had any collateral review pending from July 14, 1996 until July 15, 1999. Neither of

his arguments excuses the three years that passed between his direct appeal and the filing of his petition for post conviction relief. Armstrong's petition for writ of habeas corpus is untimely pursuant to 28 U.S.C. §2244(d)(1).

For these reasons, this petition is hereby **DENIED**. The clerk shall treat this civil action as **TERMINATED**.

**SO ORDERED.**

ENTERED: August 15, 2005

s/ Philip P. Simon<br>PHILIP P. SIMON, JUDGE<br>UNITED STATES DISTRICT COURT