UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STEVEN ARMSTRONG, | ) |
| | ) |
| Petitioner, | ) |
| | )  Cause No. 2:04-CV-502PS |
| vs. | ) |
| | ) |
| CECIL DAVIS, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

On September 27, 2005, Mr. Armstrong filed a Petition for Certificate of Appealability ("CA").  When applying for a CA, a petitioner must make "a 'substantial showing of the denial of a federal right.'"  *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983).  Congress codified the Barefoot standard at 28 U.S.C. § 2253, *see Slack v. McDaniel*, 529 U.S. 473, 475 (2000), in order to prevent frivolous appeals from delaying a state's ability to impose sentences.  *Barefoot*, 463 U.S. at 892.  The court's discretion on whether to grant or deny a CA is the best vehicle of separating meritorious from frivolous appeals.  *Id*. at 893.  A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"  *Id*. at 893 n.4 (citations omitted) (emphasis added).

Mr. Armstrong's petition was dismissed because it was not filed within the one year statute of limitations.  28 U.S.C. § 2244(d)(1).  Mr. Armstrong's direct appeal was affirmed by the state appellate court on April 15, 1996.  Because he didn't seek transfer to the state supreme court, that conviction became final on July 14, 1996.  Pursuant to 28 U.S.C. § 2244(d)(1)(A),

Mr. Armstrong had one year from the "expiration of the time for seeking (direct) review" to file his habeas petition. On July 15, 1999, Mr. Armstrong filed a petition for post-conviction relief. The post-conviction proceedings concluded on January 14, 2004 when the Indiana Supreme Court denied transfer. Thus, his petition filed December 6, 2004 was too late. The state post-conviction proceedings did not toll the statute of limitations because by the time he filed the post-conviction petition, his statute of limitations had run out.

In short, none of the issues presented to the Court in the application for certificate of appealability make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason. *See Kraushaar v. Flanigan*, 45 F.3d. 1040 (7th Cir. 1995). Accordingly, petitioner's application for a certificate of appealability pursuant to Fed. R. App. P. 22(b) is hereby **DENIED** because the petitioner has not made a substantial showing of the denial of a Constitutional right. The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, "the applicant for the writ may then request issuance of the certificate by a circuit judge."

**SO ORDERED.**

ENTERED: October 6, 2005

 s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT